LEIGH M. CLARK, Retired Circuit Judge.
On a trial on an indictment for murder, a jury found Thomas Swindle, Jr., guilty of manslaughter. Prior to the sentence hearing, the State gave defendant notice that it would proceed against him under the Habitual Felony Offenders Act for one previous felony conviction. The previous felony conviction was proved at the sentence hearing, and the court sentenced defendant to imprisonment for twelve years.
The first issue presented by appellant is thus stated: “Interjection of the reputation and/or character of appellant by the State was improper and prejudicial.” Appellant’s contention is directed at a part of that which occurred soon after the trial court questioned the prospective jurors as to their qualifications for trying the case and during the time the prosecuting attorney was asking said prospective jurors additional questions calculated to aid the attorney in the exercise of his right to strike a given number of the jurors in the process of the selection of a jury to try the particular case. Soon after the attorney had asked questions pertaining to whether they were acquainted with members of the alleged victim’s family or with any of the attorneys for defendant, the following occurred:
“MR. LEMLEY [Prosecuting Attorney]: Thank you very much. Now, the next question I would like to ask is if any *930 members of the jury venire know by name or reputation the defendant, Thomas Swindle?
“(No audible response).
“MR. LEMLEY: I assume by your silence that nobody does know the defendant by name or reputation.
“Now, the next question I would like to ask is—
“(Bench conference off the record).
“MR. WOOLDRIDGE, JR. [Defendant’s attorney]: Judge, we want to ask for a mistrial. He is injecting by reputation, and he asked him did he know Thomas Swindle by name or reputation. I think that is going around to the side door to inject character into this case, and that it is going to be a very important thing in this case.
“THE COURT: Well, I think that is a proper question, but I am going to explain it to them that by reputation you certainly simply mean that if they know him or know of him.
“MR. WOOLDRIDGE, JR.: Well, I don’t think that will do it. I think that is outright injecting character in a criminal case, and it is just out and out — I mean, do you know him personally or by reputation.
“THE COURT: Well, I am going to deny your motion for a mistrial because I think it is a proper question. I don’t particularly like it. Do you want me to try to explain it or—
“MR. WOOLDRIDGE, JR.: No, sir, I don’t want anything else said about it, and I except to the Court’s ruling.
“(End of Bench Conference).”
In the brief of counsel for appellant-defendant, he makes a strong argument, in which he states, “The written record before this Court is unfortunately incapable of denoting and recording the emphasis, inflection and emotion of the spoken word or the expression of the speaker’s body and facial language,” and in which he says that in asking the particular question the State’s attorney emphasized the word “reputation.” It is further stated in the brief that “In the subjective judgment of counsel, the emphasis and inflection given clearly conveyed and created in the minds of the jury venire an opinion of bad reputation.” It is to be noted that the argument now advanced by appellant on the issue is in addition to that which was advanced by his counsel on the trial and is as to a matter as to which the trial judge was in a better position to judge than are we. Therefore, we are unable to determine that the trial court committed prejudicial error in overruling defendant’s motion for a mistrial. The particular question did not contain a good choice of words, but the trial court did not abuse the discretion vested in it in declining to order a mistrial.
By the only other issue presented by appellant’s brief, appellant states, “THE TRIAL COURT ERRED IN REFUSAL OF REQUESTED WRITTEN CHARGES 10, 11, AND 12.” We consider the three charges separately.
Defendant’s requested Charge No. 10 states:
“If you find that Thomas Swindle inadvertently created, without intent to kill, a substantial risk of death of which he ought to have been aware, and, in fact, caused the death of William Bonner [the alleged victim] as a result of said action, then he has acted with criminal negligence and your verdict should find defendant guilty of criminal negligent homicide.”
The parties are in agreement that manslaughter and criminally negligent homicide are lesser included offenses as to the expressly charged offense of murder and that the evidence justified a submission to the jury of the issue as to whether defendant was guilty as to each of the lesser offenses as well as the expressly charged offense. As to defendant’s requested Charge No. 10, it is to' be noted that by including the phrase, “without intent to kill,” in the hypothesized finding, compliance with the hypothesis would have precluded a verdict finding defendant guilty of murder. However, compliance with the hypothesis would not have precluded a verdict *931 finding defendant guilty of manslaughter. The charge was correctly refused for the reason that the giving of it would have incorrectly and improperly instructed the jury to the effect that under the evidence they could not find defendant guilty of manslaughter.
Defendant’s requested Charge No. 11 states:
“If you find that Thomas Swindle inadvertently created a risk of death of which a reasonable person would not be expected to perceive, then your verdict should be not guilty.”
Appellant argues in his brief as follows:
“It was Uncontroverted that the cause of death in the instant case resulted not from the blow delivered by the appellant to the deceased’s face but by the striking of the deceased’s head on the concrete surface when he fell. Requested charges no. 11 and 12 were further appropriate to aid the jury in consideration of the degree and foreseeability of the risk created.”
We do not fully understand the position taken by appellant, which we have just quoted, but it seems he contends that upon any finding by the jury that defendant was guilty of conduct constituting criminally negligent homicide, the jury should return a verdict of not guilty. This would be contrary to the logical conclusion that guilt of a particular necessarily included offense precludes a verdict finding defendant not guilty either of any offense, another necessarily included offense, or the expressly charged offense. Furthermore, we note that in the court’s oral charge, the court covered substantially and correctly any principle of law that defendant may have intended to cover by Charge No. 11, when the court stated in its oral charge the following:
“The law says a person acts with criminal negligence with respect to a result or a circumstance which is defined by a statute, as an offense, when he fails to perceive a substantial and unjustifiable risk, that the result will occur and that the circumstance exists. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would have observed in the situation.”
The trial court was not in error in its refusal of defendant’s requested Charge No. 11.
Defendant’s requested Charge No. 12 is as follows:
“If you find that Thomas Swindle inadvertently created a risk of death to William Bonner but also find that the risk of such death was not so substantial and unjustifiable that a reasonable person would be expected to perceive it, your verdict should be not guilty.”
For the same reason stated in our discussion of defendant’s requested Charge No. 11, we are of the opinion that the trial court properly refused defendant’s requested Charge No. 12.
No issue has been presented on appeal that discloses any error by the trial court prejudicial to appellant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All Judges concur.